# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>vs.<br><br>1.21 ACRES OF LAND, MORE OR LESS, SITUATED IN SAN DIEGO COUNTY, STATE OF CALIFORNIA; and ESTATE OF ANN MARIE HARMONY AND ESTATE OF LOIS M. KEENER, ET AL.; and OTHER INTERESTED PARTIES,<br><br>                       Defendants. | CASE NO. 08cv1263 - IEG (AJB)<br><br>**MEMORANDUM DECISION AND ORDER** |

The above-entitled matter came before the Court for trial without a jury on December 1, 2010. Brett Norris appeared on behalf of Plaintiff the United States of America ("the government"). Ann Marie Harmony ("Ms. Harmony") appeared pro se on behalf of Defendants. This memorandum decision constitutes the Court's findings of fact and conclusions of law.

**Factual and Procedural Background**

Ms. Harmony owns a 40.87 acre parcel of land in southeastern San Diego County, approximately 2.5 miles west of Tecate and one half-mile north of the U.S.-Mexico Border. The undeveloped parcel is accessible only by a dirt road and has no access to public water, sewer, or gas services. Electric and telephone services also do not extend to the parcel. The property is zoned "S92," which restricts it to residential or agricultural uses.

The government condemned a 1.21 acre easement across the property in July of 2008. The easement follows a dirt road that the government has used for law enforcement purposes since the 1980s and has maintained since the mid-1990s. The government condemned the present easement so that it could also use the road to install, operate, and maintain security fencing along the U.S.-Mexico border.

On July 14, 2008, the government filed a Complaint in Condemnation and Declaration of Taking to condemn the easement across Defendant's land. (Doc. Nos. 1, 3.) The government deposited its estimation of just compensation on July 28, 2008, and the Court granted the government possession of the easement on August 26, 2008. (Doc. Nos. 4, 9.) In January 2010, the government filed an amended Complaint and an amended Declaration of Taking. (Doc. Nos. 25, 26.) The Court issued a Scheduling Order on September 23, 2009. (Doc. No. 20.) Among other things, the order required the parties to designate experts and exchange expert reports by March 22, 2010. The government designated Kenneth Keagy, M.A., and provided Ms. Harmony with a copy of his report. Ms. Harmony elected not to designate any experts and did not produce any expert reports.[1]

**Analysis and Conclusion**

The Fifth Amendment requires the government to pay "just compensation" for any property it takes. Just compensation is the fair market value of the property at the time of the taking. United States v. 50 Acres of Land, 469 U.S. 24, 29 (1984). Fair market value "is normally to be ascertained from what a willing buyer would pay in cash to a willing seller." Almota Farmers Elevator & Warehouse Co. v. United States, 409 U.S. 470, 474 (1973) (quotation marks and citation omitted). Fair market value is determined with reference to the property's "highest and best use," which is the "highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future." Olson v. United States, 292 U.S. 246, 255 (1934).

When the government condemns only a portion of a landowner's property (i.e., a "partial

---

[1] At a hearing on April 12, 2010, Magistrate Judge Battaglia offered to extend the expert designation deadline so that Ms. Harmony could retain an expert, but Ms. Harmony confirmed that she did not want one. (Doc. No. 29.) Anticipating that Ms. Harmony intended to testify on her own behalf at trial, the government filed a motion in limine to exclude Ms. Harmony's valuation testimony. Although Ms. Harmony did not oppose the motion, the Court denied the government's motion, declining to exclude Ms. Harmony's testimony in its entirety. For purposes of this order, the Court relies only on admissible testimony and, in doing so, accords appropriate weight to such testimony.

1   taking") just compensation is the difference between the market value of the entire parcel immediately
2   before the taking and the market value of the remainder immediately after the taking. United States
3   v. Miller, 317 U.S. 369, 376 (1943); United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir.
4   1999).

5       The landowner has the burden of proving market value. United States v. 429.59 Acres of Land,
6   612 F.2d 459, 462 (9th Cir. 1980). The landowner may prove the market value of the subject property
7   by submitting evidence of recent sales of similarly situated property. Id. (citation omitted). She may
8   also seek to prove the market value by submitting the testimony of expert witnesses who are qualified
9   to appraise the value of the subject property, and who have a factual basis for forming an opinion. Id.
10  (citations omitted).

11      In the present case, Ms. Harmony testified that the easement is worth $20,000. Ms. Harmony
12  did not base her valuation on a formal assessment of the property's highest and best use, perform a
13  "before and after" analysis or rely on comparable sales. Instead, Ms. Harmony estimated the easement
14  is worth $20,000 based on its potential use as a storage leasing facility or, in the alternative, based on
15  the annual costs of removing trash she contends government agents leave on the property.

16      The government's expert witness, Kenneth Keagy, M.A. ("Mr. Keagy"), testified that the
17  easement is worth $3,000.[2] Mr. Keagy determined that Ms. Harmony's 40.87 acre parcel ("larger
18  parcel") was worth $150,000 immediately prior to the taking. He based this valuation principally on
19  five comparable sales. Among other things, for each of the sales, Mr. Keagy considered the location,
20  legal description, site data (lot size, access, water, sewer, electric, telephone, topography, etc.), land
21  use regulations (zoning, general plan, and general plan update), highest and best use, and sale price.
22  See Pl.'s Exs. 32-36. Using the same methodology, see id., and estimating a 2% reduction in value
23  due to the easement acquisition, Mr. Keagy determined that the larger parcel was worth $147,000
24  immediately after the taking, see Pl.'s Exs. 52, 53. Accordingly, Mr. Keagy concluded the easement
25  is worth $3,000.

26      Having considered all the evidence, the Court finds Ms. Harmony has not met her burden of

---

[2] Mr. Keagy is an expert qualified to perform a valuation of the easement. As the sole proprietor of a real estate appraisal and consultation business, Mr. Keagy has more than 30 years of experience as a professional appraiser. See Pl.'s Ex. 61.

1  proving the market value of the easement. The Court understands Ms. Harmony's exasperation in
2  having to defend against the government in this condemnation action. But under the just compensation
3  clause of the Fifth Amendment, Ms. Harmony is entitled only to the fair market value of the property
4  at the time of the taking, here the difference between the market value of the entire parcel immediately
5  before the taking and the market value of the remainder immediately after the taking. Based on the
6  evidence, the Court concludes the easement is properly valued at $3,000 and that Ms. Harmony is
7  entitled to just compensation in that amount. The Clerk of the Court shall notify the parties of the
8  entry of this order and enter judgment accordingly.

9  **IT IS SO ORDERED.**

10 **DATED: January 11, 2011**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**